Filed 3/11/15  P. v. Westbrook CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B258925 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA031025) |
| v. | |
| EARL WAYNE WESTBROOK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Earl Wayne Westbrook, appeals from an order denying his petition for recall of sentence pursuant to Penal Code section 1170.126.[1] We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On November 21, 2014, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider.

We have examined the entire record and are satisfied appointed appellate counsel has fully complied with his responsibilities. Defendant is ineligible for resentencing under section 1170.126 because he has a prior conviction for forcible oral copulation in case No. A014334. (Former § 288a; stats. 1955, ch. 274, § 1, p. 729.) Forced copulation is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). (§§ 667, subd. (e)(2)(C)(iv)(I), 1170.126, subd. (e)(3).)

In a letter filed on December 17, 2014, defendant argued he is eligible for resentencing because he was convicted in case No. A014334 more than 40 years ago, in 1974. Defendant further asserts that since being convicted: "I have attended numerous groups and have even been admitted to Atascadero State Hospital (ASH) under section 6601.3 of the Welfare and Institutions Code. I was found not to meet the criteria of

---

[1] Further statutory references are to the Penal Code except where otherwise noted.

[a sexually violent predator].  This was determine[d] by several doctors."  None of the foregoing affects defendant's eligibility for resentencing.  He is ineligible for resentencing under section 1170.126, subdivision (e)(3), because he has a prior conviction for a disqualifying offense.

The order denying defendant's recall petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:



KRIEGLER, J.



GOODMAN, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.